IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| d'Amico Dry d.a.c., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION No. 1:18-00284-KD-MU |
| | ) |
| Nikka Finance, Inc., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Nikka Finance, Inc.'s Motion to Approve Substitute Security (Doc. 47) and d'Amico's response (Doc. 53) in partial opposition. Nikka "moves the Court for an Order vacating the attachment of the Vessel upon the posting of substitute security in the sum of $2,500,000.00 . . . ." (Id. at 1). D'Amico opposes Nikka's requested bond/security amount and instead indicates its willingness "to accept a bond or other security approved by the Court in place of M/V SEA GLASS II—in the principal amount of Plaintiff's fairly stated claim plus 25 percent thereof, totaling $4,698,225.20." (Doc. 53 at 1).

Several rules and statutes govern the release of vessels via a security.[1] Fed. R. Civ. P. Supp. E(5)(a) provides that

> Whenever process of maritime attachment and garnishment or process in rem is issued the execution of such process shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk, or by stipulation of the parties, conditioned to answer the judgment of the court or of any appellate court.

---

[1] The relevant Local Rule provides that
> The demand for judgment in every complaint filed under Rule B or Rule C shall allege the dollar amount of the debt or damages for which the action was commenced. The demand for judgment shall also allege the nature of other items of damage. The amount of the special bond posted under Rule E(5)(a) may be based upon these allegations.

S.D. Ala. Civ. L.R. 104(E)(a).

Although parties are free to stipulate to the amount of security, where, as here, the parties refuse to do so,

> the court shall fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (i) twice the amount of the plaintiff's claim or (ii) the value of the property on due appraisement, whichever is smaller. The bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 per cent per annum.

Id.

The Court finds the fairly stated claim totals $3,758,580.32,[2] which includes:

- English Judgment: $1,766,278.54
- Post-Judgment Interest: $1,266,347.90
- Attorneys' Fees: $725,953.88

D'Amico's complaint includes the following: "In accordance with the rules of this court, Plaintiff seeks a Rule B attachment of the M/V SEA GLASS II as security for 125% of the present value of its claim, or $4,698,225.20." (Doc. 1 at ¶ 101). The Court is unaware of any Local Rule requiring an additional 25% be added to an admiralty claim and therefore finds it not includable.

Accordingly, it is hereby **ORDERED** that:

1. The Motion to Set Security (Doc. 47) is **GRANTED IN PART**. A special bond to secure release of the M/V SEA GLASS II is hereby set at **$3,758,580.32**.

2. Upon the Clerk's verification that the required bond has been posted and satisfied, the substitute custodian is ordered to release the vessel.

---

[2] D'Amico's calculation is off by one dime. See Doc. 1 at ¶ 101 ("Thus, the damages suffered by d' Amico Dry in accordance with the English judgment and the contact terms totals $3,758,580.22 . . . .").

**DONE** the 12th day of July 2018.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**