**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

d'AMICO DRY d.a.c., f/k/a d'Amico Dry    :
Limited,
                                         :
     Plaintiff,
                                         :
vs.                                               CA 18-0284-KD-MU
                                         :        **IN ADMIRALTY**
NIKKA FINANCE, INC., as owner of the
M/V SEA GLASS II,                        :

     Defendant.

<u>**ORDER**</u>

This cause came on for an informal conference by telephone on October 5, 2018

(*see* Doc. 124), directed to five issues or topic areas raised by d'Amico in an email

delivered to the undersigned's office on October 3, 2018, to which Nikka filed a

responsive email on October 4, 2018.

1.     The first topic relates to scheduling and, in this respect, the parties are in

agreement. The parties have agreed to take Paul Coronis' deposition in London on

October 24, 2018, that is, outside the discovery deadline of today's date (*see* Doc. 107,

at 3). Therefore, the parties request that they be allowed a period of time, up to an

including November 2, 2018, to make pretrial  disclosures. That request is **GRANTED**

and ¶ 8 of the scheduling order (Doc. 46), as modified on September 7, 2018 (Doc. 107,

at 3), is **FURTHER MODIFIED** to provide that the time for disclosing the information

required by Rule 26(a)(3) shall be **November 2, 2018**. In addition, the parties have

agreed that while the dispositive motion deadline will remain on October 19, 2018 (*see*

Doc. 107, at 3), the request is being made that the response in opposition date be set for

one week after receipt of the transcript of Mr. Coronis' October 24, 2018 deposition. Given that counsel for d'Amico believes that the parties will receive the transcript of this deposition on or about October 29, 2018, the undersigned **RECOMMENDS** to Chief Judge DuBose that her submission order incorporate a response date to any motion for summary judgment filed of ***not earlier*** than **November 5, 2018.**

2.      Turning to any remaining issues d'Amico has related to Nikka's responses to its First and Second Requests for Production of Documents, as well as the content of Mr. Coronis' September 27, 2018 declaration (*see* Doc. 120, Declaration of Paul Coronis), the only guidance the Court can give to the parties is that now is the time for d'Amico to file a written motion to compel. To this end, the undersigned specifically informed the parties that any motion to compel filed by d'Amico prior to the close of business on October 9, 2018 will be **DEEMED** timely under the modified scheduling order entered on September 7, 2018 (*see* Doc. 107).[1]  Before filing that motion to compel, however, d'Amico should consider (particularly regarding the contents of Mr. Coronis' declaration) whether it can obtain the information it seeks during the course of Mr. Coronis' deposition.

3.      And, finally, turning to d'Amico's Requests for Admission 5, 14, 16, 19 and 20 served on Nikka, it is apparent to the undersigned that Nikka's response to each was that it did not have sufficient information to admit or deny the request. These responses are insufficient under Rule 36(a)(4), which allows an answering party, like Nikka, to "assert lack of knowledge or information as a reason for failing to admit or deny *only if*

---

[1]      This finding carries with it the implicit determination by the undersigned that good cause exists for allowing d'Amico to file its motion to compel four days ***after*** the discovery completion date of October 5, 2018.

the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed.R.Civ.P. 36(a)(4) (emphasis supplied). Nikka did not state it made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny each of the requests for admission identified above so its responses are insufficient and, as one district court in this Circuit has found, "[w]hile this exercise may appear overly formulaic and dogmatic, they are not called rules for nothing." *Riberio v. Macy's Retail Holdings, Inc.,* 310 F.R.D. 547, 548 (N.D. Ga. 2015); *see also, e.g., Jackson v. Fulton County, Georgia,* 2015 WL 12859407, *30 (N.D. Ga. Jan. 26, 2015) (specifically holding that a response that party "'is without knowledge or information sufficient to form a belief as to whether the supplemental discovery documents produced by plaintiff are genuine business records of the defendant or were kept in the course of its regularly conducted business activities,'" was an insufficient response to satisfy the requirements of Rule 36(a)(4)), *report and recommendation adopted,* 2015 WL 12862930 (N.D. Ga. Mar. 11, 2015), *aff'd,* 668 Fed.Appx. 359 (11th Cir. Aug. 24, 2016); *Foley v. Orange County*, 2013 WL 2477231, *6 (M.D. Fla. June 10, 2013) ("In response to requests 91, 92 . . ., the County stated that it was 'without knowledge' of the statements made at the meeting, but it did not comply with the requirements of Rule 36(a)(4) requiring it to state that it has made reasonable inquiry and that the information it knows of or can readily obtain is insufficient to enable it to admit or deny. Therefore, the motion is **GRANTED** as to these requests[ and the County] is **ORDERED** [to] . . . provide the information required by Rule 36.").  Accordingly, Nikka is **ORDERED** to amend its responses to Plaintiff's Requests for Admission 5, 14, 16, 19 and 20 to comply with Rule 36(a)(4) not

later than **October 12, 2018**.

        **DONE** and **ORDERED** this the 5th day of October, 2018.

                     s/P. BRADLEY MURRAY
                    **UNITED STATES MAGISTRATE JUDGE**