## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

d'AMICO DRY d.a.c.                              :
f/k/a d'Amico Dry Limited

    Plaintiff,                              :

v.                                              :          Civil Action No. CV-18-284

NIKKA FINANCE, INC.,                            :          IN ADMIRALTY
as Owner of the                                            ORAL ARGUMENT REQUESTED
M/V SEA GLASS II,
PRIMEBULK SHIPMANAGMENT LTD,
BULKNAV INC., PAUL CORONIS,
NIKOLAOS CORONIS, AND PRIMERA

    Defendants.                             :

### RENEWED MOTION TO COMPEL

Plaintiff d'Amico Dry d.a.c., f/k/a d'Amico Dry Ltd. ("d'Amico") by its

attorneys, Maynard Cooper & Gale and Tisdale Law Offices, LLC, hereby moves

this Honorable Court for an order directing Defendant Nikka Finance, Inc. to (1)

produce the documents requested in Plaintiff's First Requests for Production of

Documents, served July 12, 2018, and in Plaintiff's Second Requests for Production,

served September 7, 2018; and (2) produce a more detailed affidavit of Paul Coronis,

explaining the steps taken to search for the many central documents Nikka claims

to be missing. (*See* Notices of Filing, attached hereto as Exhibit 1.) For the reasons

that follow, and those set forth in the attached affidavit of Thomas L. Tisdale

(Exhibit 3 *passim*), which are hereby expressly incorporated by reference, Plaintiff

{04606367.1}                          1

respectfully insists that Nikka be ordered to comply with the discovery practice of this Court and the edicts of the *Federal Rules of Civil Procedure.*

## I.      Introduction.

1.      Plaintiff served Nikka with its discovery requests (specifically, Requests for Production) on July 12, 2018, and September 7, 2018. (*See* Exhibit A.)

2.      This Court's Amended Rule 16(b) Scheduling Order (Doc. 107) explains that "[a]ll discovery is to be completed on or before **October 5, 2018**." (*Id.* at ¶ 3 (bold emphasis in original).) The Order also provides that all responses to propounded discovery are due 20 days after service. (*Id.* at ¶ 9(d).)

3.      After repeated prodding from Plaintiff, Nikka finally served its Responses to Plaintiff's First Set of Requests for Production on August 8, 2018, almost a month after being served with Plaintiff's discovery requests. (*See* E-mails between T. Tisdale and W. Bennett, attached hereto as Exhibit 2; Nikka's Responses to Plaintiff's First Set of Requests for Production, attached as Exhibit E to Affidavit of Thomas L. Tisdale (Exhibit 3); Memorandum of Specific Discovery Deficiencies, attached as Exhibit J to Tisdale Affidavit (Exhibit 3).)

4.      In its Responses, Nikka failed to provide any of the requested documents or information, merely making blanket, conclusory objections and referring Nikka to documents produced in the New York Action. (*See* Nikka's Responses to Plaintiff's First Set of Discovery Requests, (Exhibit E to Tisdale Affidavit (Exhibit 3).) Nikka continued its scheme to defraud Plaintiff and others by stating that it does not have custody and/or control of its alter egos' documents,

without even stating that it had reviewed its records or exhausted efforts to obtain such documents (*Id.* at ¶¶ 3-8, 10-11, 14-15, 17-18, 24-26, 28.) In other Responses, Nikka revealed that it had emplaced nonsensical and unsupportable time limitations on Plaintiff's discovery efforts, stating that "discovery is limited to the time period of September 2, 2008, to June 19, 2009 . . . ." (*Id.* at ¶¶ 1-2, 6, 8-9, 12-14, 16-30.) Many of these Responses came in answer to Requests limited by timelines *specifically within* Nikka's self-designated date limitations, further marking the disingenuousness of Nikka's approach to this Court's discovery rules. Further highlights include (1) a completely derelict statement that "necessaries" is too vague a word in the ship provision context of Request 19, (*see id.* at ¶ 19); (2) the bizarre, unsupported statement that "the shipbuilding contract for the M/V SEAGLASS II," which will likely show corporate signatories and perhaps some of the corporate structure of Defendant Nikka and its alter egos, "is irrelevant and would not lead to discoverable information on the issues before this court" (*see id.* at ¶ 13); and (3) the conclusory statement that "the payment of charter hire is irrelevant to the issue of whether Primera had dominion and control over Nikka." (*Id.* at ¶ 22.)

5.      Undersigned New York counsel for Plaintiff attempted a good-faith conference regarding Nikka's untimely and cynically incomplete discovery responses, including an August 9, 2018, telephone conference between counsel for Nikka and undersigned New York counsel. During this conference, undersigned New York counsel informed counsel for Nikka of the unacceptable nature of its Responses, discussing the various specific shortcomings contained within Plaintiff's

Memorandum of Specific Discovery Deficiencies. (*See* Exhibit I to Tisdale Affidavit (Exhibit 3).)[1] In response, counsel for Nikka explained that he would confer with his client again and advise within 24 hours—a deadline the parties later changed to Monday, August 13, 2018, when counsel for Nikka asked for a short extension given the time difference in Greece. Counsel for Nikka did not, however, contact undersigned New York counsel as promised.

6.      On August 20, 2018, Plaintiff's New York counsel e-mailed Nikka's New York counsel a list of deficiencies in their production efforts, detailing Plaintiff's belief in the existence of documents claimed to have gone missing (or to have never existed at all) by Nikka. (*See* Exhibit F to Tisdale Affidavit (Exhibit 3) *passim*.)

7.      On August 31, 2018, Nikka supplemented its responses to Plaintiff's First Set of Requests for Production. (*See* Nikka's Amended Responses to Plaintiff's First Set of Requests for Production, attached as Exhibit G to Tisdale Affidavit (Exhibit 3).) Few new documents were produced, however. (*See id.*; Affidavit of Thomas L. Tisdale, attached hereto as Exhibit 3, at ¶ 17.)

8.      As a result of this lack of production and the attendant inability to prepare for a meaningful examination of the witness, the deposition of Paul Coronis previously set for September 4, 2018, was cancelled. (Tisdale Affidavit (Exhibit 3) at ¶ 18.) Plaintiff's New York counsel again attempted to resolve the discovery dispute with Nikka's New York counsel, to no avail. (*See* E-mail from T. Tisdale to W.

---

[1] The Memorandum itself was not provided to Nikka's counsel.

{04606367.1}                                    4

Bennett dated September 1, 2018, attached as Exhibit H to Tisdale Affidavit (Exhibit 3).)

9.      The parties came before the Court for an informal conference on September 6, 2018. (*See* Minute Entries on September 6, 2018; *Id.* at ¶ 19.) There, Nikka's counsel was provided with a list of all outstanding documents. (*See* Exhibit I to Tisdale Affidavit (Exhibit 3).)

10.     On September 7, 2018, Plaintiff served Nikka with an additional five requests for production (Plaintiff's Second Set of Requests for Production). (*See* Tisdale Affidavit (Exhibit 3) at ¶¶ 21-22; Exhibit J to Tisdale Affidavit (Exhibit 3).)

11.     Nikka was given ten days to supplement its responses to Plaintiff's First Set of Requests for Production, and twenty days to answer this Second Set of Requests for Production. (*See id.* at ¶ 22.) Despite this, Nikka only responded to the Second Set of Requests for Production on September 25, 2018. (*Id.*; Exhibit K to Tisdale Affidavit (Exhibit 3).) Nikka's responses were, again, insufficient. (*Id.* at ¶¶ 22-25.)

12.     On October 1, 2018, undersigned New York counsel sent Plaintiff's New York counsel a letter detailing the various deficiencies in Nikka's discovery responses (both relating to Plaintiff's first and second set of discovery requests), and the parties held a "meet and confer" conference. (*See* E-mail from T. Tisdale to W. Bennett dated October 1, 2018, attached hereto as Exhibit 4.)

13.     Among these deficiencies are (1) Nikka's representation(s) that no documents relating to Nikka's purchase and/or acquisition of the M/V SEAGLASS

II, could be located; (2) the insufficient nature of the affidavit of Paul Coronis; (3) Nikka's insufficient certification that it made reasonably inquiries prior to denying various requests for admission; and (4) the failure to schedule the deposition(s) of Mr. Paul Coronis. (*See id.*)

14.    On October 5, 2018, the parties and the Court held an informal telephone conference regarding the outstanding discovery issues. (*See* Doc. 128.) During that conference, the Court informed Plaintiff that, unfortunately, the filing of a formal motion to compel was indicated if the parties could not agree to the above-referenced dispute(s) regarding document production. After the conference, the Court entered an order extending various deadlines and declaring that Nikka's Answers to Plaintiff's Requests for Admission 5, 14, 16, and 19 were 'insufficient under Rule 36(a)(4) . . . ." (*See id.* at pp. 1-3.)

15.    The Court's order of October 5, 2018, contains the observation that, regarding Nikka's deficient responses to Plaintiff's requests for production and the insufficient Coronis Affidavit, "now is the time for d'Amico to file a written motion to compel." (*Id.* at ¶ 2.)

## II.    Nikka Has Waived Its Objection to Plaintiff's Requests for Production.

A party typically has thirty (30) days to timely respond to a discovery request. Courts have the power to create a shorter time to respond. *See* FED. R. CIV. P. 34(2)(A). In the Court's Expedited Rule 16(b) Scheduling Order, under Section 9(d) Discovery Limits, the Court states: "Responses are due within twenty (20) days of service." (Doc. 46 at p. 3.) Plaintiff served Nikka with its First Set of Requests for

Production on July 12, 2018. Nikka, however, did not respond to d'Amico's discovery request until August 8, 2018, some twenty-eight (28) days after it had been served with discovery, a clear violation of the Court's Order. As a result, Nikka's objections have been waived, especially those relating to relevance. Nikka should be ordered to comply with d'Amico's discovery requests.

Failure to comply with discovery demands within the time allotted constitutes a waiver of any objections to the requests. "There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within [the time limit] of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure." *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 156 (S.D. Tex. 2009). In *Hall v. Siemens VDO Automotive Electronic Corporation*, No. 06-1208, 2008 WL 11380088, at *2 (N.D. Ala. Mar. 31, 2008), the court held that, since the party on which discovery was served did not respond within the deadline, "as a procedural matter, then, [the served party's] objections are waived. . . ." *Id.* at *2 (N.D. Ala. Mar. 31, 2008). "The law is clear that when there has been no timely response to requests, *all* objections are waived." *Plaintiff B v. Francis*, No. 5:08-79, 2009 WL 347750, at *1 (N.D. Fla. Feb. 11, 2009) (citing *Perry v. Golub*, 74 F.R.D. 360, 363 (N.D. Ala. 1976)) (emphasis in original). In *Daniel v. Chase Bank USA, N.A.*, No. 3:07-009, 2008 WL 11334026 (N.D. Ga. Apr. 9, 2008), because the plaintiff failed to show why his untimely responses "should not result in waiver," his objections were considered waived. The

court noted that "as a general rule, when a party fails to object timely to discovery requests, such objections are waived." *Id.* at *1 (quoting *United Steelworkers of Am., AFL-CIO-CLC v. Ivaco*, No. 1:01-0426, 2002 WL 31932875, at *4 (N.D. Ga. Jan. 13, 2003)). The *Daniel* court explained that, without this waiver stipulation, litigants could simply ignore discovery deadlines free of consequence. *Id.*; *see also Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988). In *Anderson v. Georgia-Pacific Wood Products, LLC*, No. 2:11-110, 2012 WL 2998344 (M.D. Ala. July 23, 2012), the court held that the plaintiff waived his objection by not timely objecting to the production requests. *Id.* at *5. The courts of this nation form an echo chamber around this principle. *See, e.g., Henry v. Nat'l Hous. P'ship*, No. 106-008, 2007 WL 2746725, at *1 (N.D. Fla. Sept. 18, 2007) (defendant's failure to file timely objections constituted waiver of the objections); *Hartford Fire Ins. Co. v. Mitchell Co.*, No. 08-0623-KD-N, 2010 WL 11425325, at *3 (S.D. Ala. July 15, 2010) ("As Hartford has made no other timely objections to these discovery requests, TMC's Motion to Compel is due to be granted."); *Varrecchio v. Horizon S. Homeowners Ass'n, Inc.*, No. 5:08-83, 2008 WL 4683863, at *1 (N.D. Fla. Oct. 20, 2008) (waiver for failure to file timely objections). Nikka has waived its objections by failing to respond in a timely matter to Plaintiff's expedited discovery requests, and now has waived its objections thereto.

## III.   Nikka's Pattern of Dilatory Discovery Conduct.

### A.   Nikka's Facile Attempt to Enforce an Arbitrary Timeline Limiting Its Discovery Obligations.

As detailed *supra* in Section I, several of Nikka's initial objections asserted that the relevant period for discovery is limited to the time period of September 2,

{04606367.1}                                    8

2008, to June 19, 2009. (*See* Exhibit F to Tisdale Affidavit (Exhibit 3) at ¶¶ 1-2, 6, 8-9, 12-14, 16-30.) This statement appears to be based upon Nikka's interpretation of the Court's Order dated July 5, 2018 (Doc. 40). There, the Court indeed stated that "the relevant time period for analyzing dominion and control is between September 2, 2008, when d'Amico and Primera entered into the FFA and at the latest June 19, 2009 when the English Judgment was entered." (Doc. 40 at p. 13.) As specifically noted by the Court, however, this time period was for the *Court's initial determination of dominion and control between Nikka and Primera.* The Court stated, right after the language selected by Nikka: "Accordingly, the following analysis focuses on this time period." (*Id.*) Nikka's guileful attempt to extend this Court's unconnected statement into a hard discovery time limit was unacceptable, has unnecessarily delayed and complicated the discovery phase of this litigation, and remains exemplary of Nikka's wayward approach to this litigation, the discovery process, and the rightful jurisdiction of this Honorable Court.

**B.      Nikka's Fatuous Relevancy Objections.**

Next, despite the maxim that "[a] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party," *Equal Employment Opportunity Comm'n v. AutoZone, Inc.*, No. 06-0607-KD-C, 2007 WL 9717741, at *2 (S.D. Ala. Aug. 3, 2007) (citations and quotations omitted), Nikka levied the most spurious of relevancy objections against several of Plaintiff's discovery requests in an attempt to stall and prevent Plaintiff from obtaining information critical to its prosecution of this

matter. To wit, Plaintiff asked for, in Requests Nos. 13 and 22, the vessel building contract for the M/V SEAGLASS II and for each other vessel, if any, of which Nikka was or is the registered owner (Request No. 13) and copies of all invoices and payments to Primera or Primebulk from 2008 to present for services or expenses related to the M/V SEAGLASS II (Request No. 22). (*See* Memorandum of Specific Discovery Deficiencies, attached as Exhibit I to Tisdale Affidavit (Exhibit 3) at ¶¶ 13, 22; Exhibit F to Tisdale Affidavit (Exhibit 3).) Nikka objected on relevancy grounds to both of these Requests. (*See id.*)

Such documents, however, have more than a possibility of relevance to the claim. Relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Hartford Fire Ins. Co. v. Mitchell Co.*, No. 08-0623-KD-N, 2010 WL 11425325, at *1 (S.D. Ala. July 15, 2010). "[R]elevance should be broadly interpreted 'to mean matter that is relevant to anything that is or may become an issue in the litigation.'" *Hartford Fire Ins. Co.*, 2010 WL 11425325, at *1 (S.D. Ala. July 15, 2010) (quoting *Oppenheimer Fund*, 437 U.S. at 351). Further, "[r]ule 26, quite simply, 'sets forth a very low threshold for relevancy,' and '[t]hus, the court is inclined to err in favor of discovery rather than against it.'" *Miller v. MP Glob. Prod., LLC*, No. 12-00747-KD-N, 2014 WL 1017887, at *2 (S.D. Ala. Mar. 17, 2014) (quoting *Kipperman v. Onex Corp.*, No. 1:05–1242, 2008 WL 1902227, at *10 (N.D. Ga. Apr. 25, 2008)). Such discovery feuds are just a sample of Nikka's overall affect

when setting about meeting its obligations under the *Federal Rules of Civil Procedure*.

**IV.     Nikka Cannot Claim that It Does Not Have Custody and Control Over Certain Documents.**

In its Responses, Nikka states: "Nikka is not in possession, custody, or control of non-party [named party's] corporate documents." (*See* Exhibit F to Tisdale Exhibit (Exhibit 3) at ¶¶ 3-8, 10-11, 14-15, 17-18, 24-26, 28.) Under Rule 34 of the *Federal Rules of Civil Procedure*, however, "a party must produce documents in response to a request for production where those documents are 'in the responding party's possession, custody, or control[.]'" *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 470 (S.D. Fla. 2011) (quoting FED. R. CIV. P. 34(a)). The term "control" however, "does not require that a party have legal ownership or actual physical possession of the documents at issue." *Id.* Instead, documents are under a party's control when "that party has the 'right, authority, or practical ability to obtain the materials sought on demand.'" *Id.* (quoting *Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co.*, No. 09–599, 2010 WL 4853891, at *3 (M.D. Fla. Nov. 22, 2010)). "In addition, a corporate party may be required to produce documents within the possession, custody, or control of a sister corporation or other corporate affiliate." *Anz Advanced Techs. v. Bush Hog, LLC*, No. 09-00228-KD-N, 2011 WL 814663, at *9 (S.D. Ala. Jan. 26, 2011), report and recommendation adopted *sub nom. Anz Advanced Techs., LLC v. Bush Hog, LLC*, No. 09-00228-KD-N, 2011 WL 814612 (S.D. Ala. Mar. 3, 2011). Control has been broadly interpreted to include a "practical ability to obtain the materials on demand." *Id.* (internal quotations

omitted). Therefore, "[t]he specific form of the corporate relative does not matter, rather, practical considerations such as common relationships and shared ownership or management dictate whether a party can be held responsible for the production of its affiliate's materials." *Id.* (internal quotations omitted); *see also In re Sergeeva*, No. 113-03437 2013 WL 12169388, at \*9 (N.D. Ga. Nov. 22, 2013) (quoting *Anz Advanced Techs.*, 2011 WL 814663 at \*9).

By order dated September 7, 2018, the Court instructed the parties that the "control of the responsive party" includes "information the responding party can obtain on demand, for instance, from its bank, accountant, or affiliated corporations." (Doc. 107 at pp. 4-5 (citing *Bush Hog*).) The Court specifically added that "'[t]he specific form of the corporate relative does not matter, rather practical considerations such as common relationships and shared ownership or management dictate whether a party can be held responsible for production of its affiliate's materials.'" (*Id.* at p. 5 (citing *Bush Hog*).) Following the mandate of *Bush Hog*, the documents which d'Amico seeks are well within Nikka's control. (*See* Tisdale Affidavit (Exhibit 3) at ¶¶ 20-26.) Put frankly, Nikka's assertions that (1) it does not have such documents in its possession or control and (2) it does not have the ability to obtain these documents as a practical reality are simply not believable—especially when considering Nikka's ongoing efforts to blackguard this Court's orders and rightful jurisdiction and to evade honoring its nearly decade-long debt to Plaintiff.

{04606367.1}                                    12

In a nutshell, Nikka's tact has been to delay the production of, lodge spurious objections regarding, and basely deny the very existence of the many documents that, as a practical and business reality, simply *must* be in the *Bush Hog* control of Nikka. Nikka has clearly chosen to elect a strategy wherein, if it continues its chorus of "we don't have *x* document," this Court will accept its statements at face value, without a full inquiry into Nikka's duties under Rule 37(c) of the *Federal Rules of Civil Procedure. See* FED. R. CIV. P. 37(c) (setting forth a party's obligations in answering discovery requests, and penalties for the failure to meet them).

## V.   Conclusion.

For all of the reasons discussed above and those stated in the affidavit of Thomas L. Tisdale (Exhibit 3), Plaintiff's Motion to Compel is due to be granted. Nikka's dilatory and cynical behavior during the discovery phase of this collection lawsuit should not be rewarded.

*(s) Thomas S. Rue*
Thomas S. Rue (RUETH8241)
J. Ben Segarra (SEGAJ6478)
Attorneys for Plaintiff, d'Amico Dry d.a.c.,
f/k/a d'Amico Dry Limited
11 North Water Street, Suite 24290
Mobile, Alabama 36602-5024
Telephone:   (251) 432-0001
Facsimile:   (251) 432-0007
E-mail:  *true@maynardcooper.com*
            *bsegarra@maynardcooper.com*

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.

*/s/  Thomas L. Tisdale*
Thomas L. Tisdale (Pro Hac Vice)
Attorney for Plaintiff, d/Amico Dry
d.a.c., f/k/a d'Amico Dry Limited
60 East 42nd Street, Suite 1638
New York, New York 10165
Telephone:   (212) 354-0025
Facsimile:   (212) 869-0067
E-mail:       ttisdale@tisdale-law.com

OF COUNSEL:
TISDALE LAW OFFICES, LLC

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 9th day of October, 2018, filed the foregoing pleading with the Clerk of the Court via the CM/ECF Filing System, which will automatically serve an electronic copy of same on all counsel of record.

*/s/ Thomas S. Rue*

{04606367.1}                    14