THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

-------------------------------------------------------------x
d'AMICO DRY D.A.C. (f/k/a d'amico Dry Ltd.), :
                                     :
                 **Plaintiff,** :
                                      : **Civil Action:  1:18-cv-00284-KD-MU**
             **- against -** : **IN ADMIRALTY**
                                      :
**NIKKA FINANCE INC.,** :
**as owner of the SEA GLASS II,** :
                                      :
                 **Defendants.** :
-------------------------------------------------------------x

### NIKKA FINANCE INC.'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF SUMMARY JUDGMENT

COMES NOW Nikka Finance Inc. [1] ("Nikka"), on behalf of the vessel M/V SEA GLASS II (the "Vessel"), as Defendant *in rem*, and respectfully submits this Memorandum of Law in response to this Honorable Court's request for additional briefing on November 28, 2018, directed to the issue of whether the Court's jurisdiction under Supplemental Rule B is proper.

### PRELIMINARY STATEMENT

This case must be dismissed because the Court lacks admiralty jurisdiction. The sole cause of action against Nikka in the Amended Complaint is a determination that Nikka is the alter ego of Primera, and therefore liable to Plaintiff for the ***English judgment***.[2] (ECF 76 at 25-27.) That

---

[1] Nikka Finance, Inc. continues its restricted appearance pursuant to Supplemental Rule E(8).

[2] This Court has previously confirmed d'Amico's cause of action is to enforce the English Judgment in its July 5, 2018 Order, which provides: "The crux of the dispute between d'Amico and Defendant Nikka Finance, Inc. ("Nikka") is whether d'Amico can collect against Nikka, under an alter ego theory, on the $1,766,278.54 ***foreign judgment*** entered in favor of d'Amico and against Primera." (ECF 40 at 1-2) (emphasis added.)  In addition, this Court's August 10, 2018 Order again confirms: "D'Amico seeks to enforce ***a foreign judgment*** in a United States district court." (ECF 84 at 7.)

claim fails to give this Court jurisdiction under Rule B because the English judgment is time-barred under Alabama law and English law and, thus, there is a statutory bar to the attachment.

To deflect attention from the clear language of the Amended Complaint, d'Amico asks this Court to interpret the words "English judgment" to mean a New York judgment which recognizes the English judgment. (*See* Nov. 27, 2018 Rough Tr. 83:10-14.) First, there is no New York judgment because d'Amico never obtained recognition of the English judgment in the New York action. And, in any event, d'Amico's interpretation finds no support in the clear language of the Amended Complaint, which seeks to hold Nikka liable *for the English judgment*.

Finally, even if the Court were to find that d'Amico's claim is for the enforcement of a potential New York judgment against Primera – it is not – this Court still lacks jurisdiction because judgment enforcement is not a maritime claim.

## PROCEDURAL HISTORY

The relevant facts are not in dispute.

### A. The English Judgment

On June 19, 2009, d'Amico obtained a final and enforceable judgment against Primera in England. (the "English Judgment.")  Under Section 24(1) of the English Limitation Act of 1980, an action shall not be brought upon any judgment after the expiration of six years from the date on which the judgment became enforceable. To date, the English Judgment remains unpaid and d'Amico never sought or obtained permission from the English court allowing it to enforce its English Judgment outside of the six-year limitation period.

### B. The New York Action

On September 11, 2009, d'Amico filed an action in the Southern District of New York to recognize and enforce the English Judgment against Primera. On October 12, 2010, d'Amico

amended its complaint in New York and added alleged alter ego defendants, including Nikka. On April 16, 2018, the alleged alter ego defendants, including Nikka, in the New York action filed a motion to dismiss the complaint for lack of personal jurisdiction. d'Amico filed a defense. On October 19, 2018, d'Amico withdrew its defense and asked the Southern District of New York court to dismiss Nikka from the New York action.  On November 14, 2018, the Southern District of New York granted Nikka's motion to dismiss. Nikka is no longer a party to the New York action.  To date, the English Judgment has not been "recognized" in the United States so it is still considered a "foreign" judgment.

      C.   <u>The Alabama Action</u>

This action was filed on June 22, 2018, nine years after the English Judgment became final and enforceable.  On August 3, 2018, d'Amico filed a First Amended Verified Complaint (the "Amended Complaint") (ECF 76.)  d'Amico's Amended Complaint alleges the sole basis of this Court's jurisdiction is Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.  In addition, d'Amico sought the following relief:

I.    That the Clerk issue an Order of Attachment against the Vessel;
II.   That this Court recognize and confirm any judgment in d'Amico's favor against Nikka issued from the SDNY and permit enforcement of same against the Vessel;
III.  In the event the New York action is dismissed for lack of personal jurisdiction over Nikka, that this Court consider and conclude that Nikka is the alter ego of Primera, and therefore liable for the English judgment

Count II of d'Amico's Amended Complaint is no longer a valid cause of action because Nikka is not a party to the New York action.[3]  The sole cause of action against Nikka is Count III

---

[3] During the Motion Hearing on November 27, 2018, d'Amico's counsel admitted that Count II of the Amended Complaint is no longer applicable "because . . . Count 2 asks for the Court to grant security for a New York judgment against Nikka and there will not be a New York judgment against Nikka." (*See* Nov. 27, 2018 Rough Tr. 82:10-12.)

– d'Amico wants this Court to consider and conclude Nikka is the alter ego of Primera, and therefore liable for the English Judgment.

## ARGUMENT

### THIS COURT LACKS ADMIRALTY JURISDICTION OVER D'AMICO'S CLAIM

For a valid Rule B writ of attachment, d'Amico must establish four requirements: 1) the plaintiff has a valid prima facie maritime claim against the defendant; 2) the defendant cannot be found within the district where the action is commenced; 3) property belonging to the defendant is present, or soon will be present, within the district; and 4) there is no statutory or general maritime law proscription to the attachment. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2nd Cir. 2006) *overruled on other grounds by The Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2nd Cir. 2009).

Since the only cause of action against Nikka – liability for the English Judgment – is time-barred, and d'Amico pleads no other basis for jurisdiction, the Amended Complaint must be dismissed.  And, as discussed in further detail below, even if d'Amico's Amended Complaint asked this Court to enforce a New York judgment against Primera – which it does not – third party post-judgment enforcement is not a maritime claim and, therefore, d'Amico's claim would still fail to establish jurisdiction under Rule B, a pre-judgment remedy.

### A. There is a Statutory Bar to the Attachment

The plain language of Count III of d'Amico's Amended Complaint provides, in relevant part:

> Plaintiff prays that this Court hear and determine that Nikka . . . [is] the alter ego of Primera, and as such is liable to Plaintiff for the ***English judgment***. (ECF 76 at p. 27.)

The procedure for recognizing foreign judgments in the United States is through the Uniform Foreign Country Money Judgments Recognition Act. That Act has been adopted in Alabama under the Alabama Uniform Foreign-Country Money Judgments Recognition Act (the "Alabama Recognition Act"), AL STAT. §§ 6-9-250, *et seq*. d'Amico claims it is not asking this Court to "recognize" the English Judgment and, thus, the Alabama Recognition Act does not apply. This is not correct. Because d'Amico never had its English Judgment recognized in the United States, it remains a foreign judgment and d'Amico must first have it recognized before it can be enforced by this Court. [4]

The Alabama Recognition Act applies to a foreign-country judgment to the extent the judgment (1) is a money judgment; and (2) under the law of the foreign country where rendered, the judgment is final, conclusive and enforceable. (AL STAT. § 6-9-252.) To be "final, conclusive and enforceable, where rendered," the Alabama Recognition Act requires an action to recognize a foreign judgment to be commenced "within the later of the time during which the foreign-country judgment is effective in the foreign country or 5 years from the date that the foreign-country judgment became final, conclusive, and enforceable in the foreign country." (AL STAT. § 2-9-258.) The Uniform Comment on this section is instructive. It provides, in part:

> Under Section 3 of this Act, this Act only applies to foreign-country judgments that are conclusive, and if the judgment grants recovery of a sum of money, enforceable where rendered. ***Thus, if the period of effectiveness of the foreign country judgment has expired in the foreign country where the judgment was rendered, the foreign***

---

[4] AL STAT. § 6-9-253, Uniform Comment 2, is instructive. It provides, in relevant part:

> Recognition of a foreign-country money judgment is often associated with enforcement of the judgment, as the judgment creditor usually seeks recognition of the foreign-country judgment primarily for the purpose of invoking the enforcement procedures of the forum state to assist the judgment creditor's collection of the judgment from the judgment debtor. ***Because the forum court cannot enforce the foreign-country judgment until it has determined that the judgment will be given effect, recognition is a prerequisite to enforcement of the foreign-country judgment.*** (emphasis added.)

> *country judgment has expired in the foreign country where the judgment was rendered, the foreign country judgment would not be subject to this Act*. This means that the period of time during which a foreign-country judgment may be recognized under this Act normally is measured by the period of time during which that judgment is effective (that is, conclusive and, if applicable, enforceable) in the foreign country that rendered the judgment.

(AL STAT. § 2-9-258, Uniform Comment 1) (emphasis added.)

Here, the English Judgment was final, conclusive and enforceable on June 19, 2009. Under Section 24(1) of the English Limitation Act of 1980, an action shall not be brought upon any judgment after the expiration of <u>six years</u> from the date on which the judgment became enforceable. *See* ECF 60-1 at ¶ 3. Thus, the English Judgment was not "enforceable where rendered" within the meaning of the Alabama Recognition Act when this action was filed.

In *Soc'y of Lloyd's v. Shell,* No. C-1-04-188, 2005 U.S. Dist. LEXIS 22104 (S.D. Ohio Sep. 30, 2005), the Southern District of Ohio analyzed this same issue. There, the judgment creditor had an English judgment it sought to enforce under the Ohio Uniform Foreign Country Money Judgments Recognition Act. The Ohio action was filed eight months after the six-year English statute of limitation expired. The Court found that the English judgment could not be enforced in England without leave of court because it was not enforced within six years from the date it was issued. Since the judgment creditor had not sought leave of court to enforce the judgment beyond the six-year statute of limitations, the English judgment was not "enforceable where rendered" under the Ohio Recognition Act and the Southern District of Ohio granted summary judgment in favor of the defendant. Here, this action was filed nine years after d'Amico's English Judgment became final, conclusive and enforceable. As such, the English Judgment was <u>not enforceable</u> in England at the time this action was filed on June 22, 2018. Like *Soc'y of Lloyd's,* there is no evidence in the record that d'Amico sought or obtained permission from the English

Court for issuance of a writ of execution to allow it to enforce the English Judgment beyond the six-year statute of limitations.

The New York court in *Overseas Development Bank in Liquidation v. Nothmann*, 103 A.D.2d 534 (2d Dept. 1984), *order rev'd*, 64 N.Y.2d 927 (1985), addressed a similar issue under the New York version of the Uniform Foreign Country Money-Judgments Recognition Act. The judgment creditors in *Nothmann* brought an action in a New York state court to enforce two English money judgments more than six years after the date the judgments became enforceable in England. The parties agreed that the English Limitation Act of 1980 barred an action to enforce the judgments in England since six years had elapsed since the date the judgments became enforceable. The New York court granted summary judgment and held that "absent a determination by the English courts pursuant to Order 46 granting plaintiff leave to issue a writ of execution, the judgments in question were not enforceable in England at the time of the commencement of the instant proceedings within the meaning of [the Recognition Act] . . . ." 103 A.D.2d at 544. While on appeal, the judgment creditor sought and was granted permission by the English court to issue a writ of execution. As a result, the New York Court of Appeals, recognizing that the basis for the lower court's decision no longer applied and "without passing on the reasoning of the court below," reversed and remanded the case for consideration of the judgment debtor's other arguments for denying recognition of the foreign judgment. 64 N.Y.2d at 928. Unlike *Nothmann*, d'Amico has not sought nor obtained a writ of execution from the English court granting leave to enforce the English Judgment beyond the six-year statute of limitation. And, such an act would not cure the fact that on the date the *ex parte* writ of attachment was executed there was no valid claim.

In sum, this Court should grant summary judgment in Nikka's favor because the English Judgment is time barred in England and, thus, not entitled to recognition under the Alabama Recognition Act. The English Judgment also fails to satisfy the fourth element required to obtain a Rule B attachment because there is a statutory bar to the attachment.

## B.  Judgment Enforcement is Not a Valid Maritime Claim

No doubt realizing the English Judgment is time-barred, d'Amico advances a new argument in a desperate attempt to save its Amended Complaint from dismissal. During the Motion Hearing on November 27, 2018, d'Amico invited the Court to transform its sole cause of action from enforcement of the English Judgment into enforcement of a New York judgment. (*See* Nov. 27, 2018 Rough Tr. 83:10-14.)   This argument fails for three reasons. First, d'Amico never obtained recognition of the English Judgment in the United States so there is no New York judgment to enforce. Second, despite d'Amico's new argument to the contrary, d'Amico has always insisted on the application of the English interest rate and recoverability of attorney fees under English law – which Nikka disputes – not the New York or Alabama rate or application of U.S. law to the issue of attorney fees. Third, this Court should decline d'Amico's new interpretation of its claim as it is contrary to the plain language of the relief sought in the Amended Complaint, which only asks this Court to consider and conclude that Nikka is the alter egos of Primera, and therefore liable to Plaintiff for the ***English judgment***. (ECF 76 at pp. 25-27.)   If d'Amico wanted this Court to enforce a New York judgment, it easily could have included such a request in its pleadings; but it did not. This Court should not permit d'Amico to amend its complaint again at this late stage of the proceedings following two days of trial as it would severely prejudice Nikka.

Even if d'Amico's Amended Complaint asked this Court to enforce a New York judgment against Primera – which it does not – once the English Judgment is recognized in New York the

subsequent action to enforce it against Nikka becomes a post-judgment enforcement action and no longer falls within the ambit of Rule B, which is a pre-judgment remedy and cannot be used as a post-judgment collection device.  The Second Circuit Court of Appeals confirmed that Rule B is not a post-judgment remedy in *Stolt-Nielsen Transp. Group v. Lio Yag Sanayi Ve Ticaret A.S.*, 330 Fed. Appx. 207, 208 (2d Cir. 2009). The Second Circuit noted: "[m]aritime attachment is a *prejudgment* mechanism used by parties in admiralty cases to secure jurisdiction over an absent party and to obtain security for potential judgment where the absent party's assets are transitory." 330 Fed. Appx at *208. *citing Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 48 (2d Cir. 2008) (emphasis added).

*Dunsink Trading, Ltd. v. Pitsburg Financial Inc. and Vilis Cargo Ltd.*, 09 Civ. 320 (GBD), 2009 U.S. Dist. LEXIS 71609 (S.D.N.Y. August 4, 2009) also is instructive.  *Dunsink* makes clear that once a district court judgment is entered on a maritime claim, any subsequent action to impose liability under the judgment against a third party is neither an action to enforce the underlying claim nor one to enforce the judgment, but is actually a separate action seeking to "impose, for the first time, primary liability upon the respondents themselves for the prior judgment."  2009 U.S. Dist. LEXIS 71609 at * 8. As the court notes, "[t]his distinction … is crucial to the issue of subject matter jurisdiction." *Id. citing Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 104 (2d Cir. 2001).

An identical conclusion is warranted here. Like *Dunsink* and *Stolt*, even if the English Judgment was recognized in New York against Primera and d'Amico properly asserted a claim to enforce that New York judgment against Nikka here – which it did not – an action to establish liability against a third party requires a separate basis for subject matter jurisdiction, and *Dunsink* holds that the maritime nature of the underlying dispute is no longer relevant once a domestic judgment has been entered.

## CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction and this action should be dismissed.

Dated: December 7, 2018

                                    Respectfully submitted,

                                    **BURR & FORMAN LLP**

                                    By: *s/John P. Kavanagh, Jr.*
                                    John P. Kavanagh, Jr. (KAVAJ1011)
                                    Kasee Sparks Heisterhagen (SPARK7253)
                                    11 North Water Street, Suite 22200
                                    Mobile, Alabama 36602
                                    Tel: 251-344-5151
                                    Email: jkavanagh@burr.com
                                            ksparks@burr.com

                                            -and-

                                    **BLANK ROME LLP**

                                    By: */s/ William R. Bennett, III*
                                    William R. Bennett, III*
                                    Lauren B. Wilgus*
                                    The Chrysler Building
                                    405 Lexington Avenue
                                    New York, New York 10174
                                    Tel.: (212) 885-5000
                                    Email:  WBennett@BlankRome.com
                                            LWilgus@BlankRome.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to the following: (or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email), on this the 7th day of December, 2018.


Thomas S. Rue
J. Ben Segarra
Maynard Cooper & Gale PC
RSA Battle House Tower Suite 27000
11 North Water Street
Mobile, AL 36602-5027
Email: true@maynardcooper.com
        bsegarra@maynardcooper.com

Thomas Leonard Tisdale
Tisdale Law Offices, LLC
60 East 42nd Street
Suite 1638
New York, NY 10165
212-354-0025
Fax: 212-869-0067
Email: ttisdale@tisdale-law.com


*s/John P. Kavanagh. Jr.*
OF COUNSEL