# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| d'Amico Dry d.a.c., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION No. 1:18-00284-KD-MU |
| Nikka Finance, Inc., as owner of M/V SEA GLASS II, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Plaintiff d'Amico Dry d.a.c.'s Motion for Increased Security (Doc. 180) and Defendant Nikka Finance Inc.'s response in opposition. (Doc. 185).

Back in July of 2018, this Court set security at $3,758,580.32. (Doc. 58 at 2).[1] This amount, the Court concluded, constituted d'Amico's "fairly stated" claim. See FED. R. CIV. P. SUPP. Rule E(5)(a) ("In the event of the inability or refusal of the parties so to stipulate the court shall fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs . . . ."). Shortly thereafter, the parties filed a Joint Stipulation/Status Report, requesting the vessel's release, pursuant to FED. R. CIV. P. SUPP. Rule E(5)(c). (Doc. 66). The parties jointly moved that the Court release the vessel and transfer the attachment to the Letter of Undertaking. The Letter of Undertaking covered the entire cost of the "fairly stated" claim, as the Court previously set. (See Doc. 66-1 at ¶ 4).

D'Amico now seeks to increase the security "as a matter of contract or pursuant to Supplemental Admiralty Rule E(6)." (Doc. 180 at 1).

---

[1] The issue of the security amount has been a source of intense disagreement throughout this litigation. (See Docs. 47, 53, 54, 60, 63, & 66).

The Letter of Undertaking does not provide the Court authority to increase security. The Court's authority to increase security stems from Federal Rule of Civil Procedure Supplemental Rule E. Reliable Salvage & Towing, Inc. v. 35%2C Sea Ray, 2011 WL 2173842, at *1 (M.D. Fla. June 2, 2011) ("Thus, the Rule for increasing or decreasing the amount of a bond is governed by Supplemental Rule E(6)."). The Eleventh Circuit has interpreted Rule E(6) in the following manner:

> "it seems reasonably clear that if the vessel is released on too low a bond as the result of fraud, misrepresentation or mistakes sufficient to justify the [vessel's] rearrest, the court can compel additional security to be posted as a precondition to avoiding a rearrest." 7A Moore's Federal Practice, § E.14 at E-710 (2d ed. 1983). "A mistake sufficient to justify rearrest requires that it be tinged with fraud or misrepresentation or that it be the mistake of the court and not that of the claimant." 7A Moore's Federal Practice, § E.14 at E-711 n. 30 (2d ed. 1983).

Industria Nacional Del Papel, CA. v. M/V Albert F, 730 F.2d 622, 626 (11th Cir. 1984). See also Crescent Towing & Salvage Co. v. CHIOS BEAUTY MV, 610 F.3d 263, 269–70 (5th Cir. 2010) ("a district court ordinarily should not increase the amount of security absent fraud, mistake, or misrepresentation"); Triton Marine Fuels, Ltd. v. M/V PACIFIC CHUKOTKA, 671 F. Supp. 2d 753, 768 (D. Md. 2009) ("This rule prevents courts from increasing security absent fraud, misrepresentation, or a mistake of the court in calculating the security."); L&L Marine Transp., Inc. v. M/V Hokuetsu Hope, 895 F. Supp. 297, 301 (S.D. Ala. 1995) (Howard, J.) (denying a motion to increase security because the plaintiff failed to satisfy Industria Nacional's requirements, for the plaintiff did not contend that the amount was underestimated due to fraud or misrepresentation and the court had not made a mistake).

None of the exceptions delineated in the cases previously cited are present in this case. Accordingly, d'Amico's motion for increased security (Doc. 180) is **DENIED**.

**DONE** the 15th day of March 2019.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**